IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

COLE ANTHONY DAWN, )
 )
        Plaintiff, )
 )
v. ) Case No. 4:23-cv-00407-RK
 )
LONE TREE PIGS, INC., LEOPOLDO )
SANCHEZ, PRODUCTION MANAGER; )
 )
        Defendants. )

## ORDER

Before the Court are a number of motions:

(1) Defendant Lone Tree Pigs, Inc.'s motion to dismiss (Doc. 8), which is fully briefed (Docs. 9, 18, 21);

(2) Defendant Lone Tree Pigs, Inc.'s motion to consolidate cases (Doc. 11), which is fully briefed (Docs. 12, 17, 20);

(3) Plaintiff Cole Dawn's motion to remand (Doc. 16), which is fully briefed (Docs. 19, 22); and

(4) Plaintiff Cole Dawn's first amended motion to remand (Doc. 23), which is fully briefed (Doc. 24).

For the reasons below, Defendant Lone Tree Pigs, Inc's motion to dismiss (Doc. 8) is **FOUND AS MOOT**, Defendant Lone Tree Pigs Inc.'s motion to consolidate cases (Doc. 11) is **GRANTED**, Plaintiff's motion to remand (Doc. 16) is **DENIED**, and Plaintiff's first amended motion to remand is **DENIED**.

## Background

On June 14, 2023, Plaintiff Cole Dawn filed this case against Lone Tree Pigs, Inc., and Leopoldo Sanchez, Production Manager, bringing claims of employment discrimination and retaliation in violation of Title VII of the Civil Rights Act and the Missouri Human Rights Act. (Doc. 1.) On the same day, he filed an identical suit in the Circuit Court of Bates County, Missouri. (Doc. 18, ¶ 3.) Plaintiff effected service of his complaint (Doc. 1) on Defendant Lone Tree Pigs, Inc. on June 29, 2023. (Doc. 6.) On the following day, June 30, 2023, Plaintiff filed his first amended complaint. (Doc. 3.)

Later, on July 18, 2023, Defendant Lone Tree Pigs, Inc. (1) removed the identical suit from the Circuit Court of Bates County, Missouri, to federal court, (2) filed a motion to dismiss Plaintiff's complaint in this case, and (3) filed a motion to consolidate the two cases. Responses to Defendant Lone Tree Pigs, Inc.'s motion to dismiss and motion to consolidate were due by August 1, 2023. (*See* Docs. 8, 9.) When no responses had been filed by the deadline, on August 3, 2023, the Court ordered Plaintiff to show cause, on or before August 10, 2023, why Defendant's motions should not be granted as unopposed and warned that Plaintiff's failure to timely comply with the order could result dismissal of the case without further notice. (Doc. 13.) One day past the deadline set by the Court's Order to show cause, on August 11, 2023, Plaintiff filed suggestions in opposition to each of the motions. (Docs. 14, 15.) These were deleted, however, as incorrectly filed. Plaintiff waited until August 28, 2023, 27 days after the original deadlines to respond, to file his suggestions in opposition to Defendant Lone Tree Pigs, Inc.'s motion to dismiss and motion to consolidate cases. (Docs. 17, 18.) At that time, he filed his motion to remand, as well. (Doc. 16.)

After all pending motions had been fully briefed, on September 12, 2023, Plaintiff filed a first amended motion to remand. (Doc. 23.) The only difference between Plaintiff's motion to remand (Doc. 17) and his first amended motion to remand (Doc. 23) is that Plaintiff removed the Certificate of Service attached to Plaintiff's motion to remand, which was purportedly signed by an attorney who has not entered an appearance in this case, and replaced it with a Certificate of Service signed by counsel for Plaintiff.

**Discussion**

The Court first notes that Defendant Lone Tree Pigs, Inc.'s motion to dismiss (Doc. 8) addresses Plaintiff's original complaint (Doc. 1) and not Plaintiff's first amended complaint (Doc. 3). As relevant here, Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend his pleading as a matter of course within 21 days after serving it. Further, "[i]t is well-established that an amended complaint super[s]edes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Here, Plaintiff amended his pleading as a matter of course one day after serving it on Defendant Lone Tree Pigs, Inc. (Docs. 3, 6.) Defendant Lone Tree Pigs, Inc.'s motion to dismiss is therefore moot, as it addresses a complaint that was superseded and rendered without legal effect by Plaintiff's timely filing of his first amended complaint.

Second, Plaintiff moves to remand this case that he chose to initiate here in federal court. However, remand is only available in cases removed from a state court. *See* 28 U.S.C. § 1447(a) and (c); *see also Pac. Gas & Elec. Co. v. Fibreboard Prod., Inc.*, 116 F. Supp. 377, 382 (N.D. Cal. 1953) (citing 28 U.S.C. § 1447(c)) ("[T]he statutory right to remand is limited to cases where jurisdiction was acquired by removal."). This case was not removed from state court, and as such, remand pursuant to § 1447 is not available. Moreover, Plaintiff argues for remand on only one ground – that all Defendants did not consent in the removal. (Docs. 16, 23.) This argument fails for two reasons. First, this action was not removed; rather, Plaintiff initiated this case in federal court. Second, while under the removal statute, it is true that "all defendants who have been properly joined and served must join in or consent to the removal of the action[,]" 28 U.S.C. § 1446(b)(2)(A), here, Defendant Leopoldo Sanchez is the only Defendant who did not join in the removal, and he has not been served. Thus, under the removal statute, which does not even apply in this case, his consent is not required.

Finally, Defendant Lone Tree Pigs, Inc. argues that the Court should consolidate this case with the identical lawsuit based on the same alleged facts and occurrences, as well as identical legal claims, that was filed by Plaintiff in the Circuit Court of Bates County, Missouri, and subsequently removed to this Court on July 18, 2023: *Cole Anthony Dawn v. Lone Tree Pigs Inc. et al.*, Case No. 4:23-cv-00497 (W.D. Mo.). (Doc. 11.) Although Plaintiff filed suggestions in opposition to Defendant's motion to consolidate, the suggestions do not dispute that the cases are substantively identical, involve the same questions of law and fact, and that consolidation is proper. Plaintiff's opposition does not address Defendant's arguments. In fact, although titled suggestions in opposition to Defendant's motion to consolidate, Plaintiff's filing "moves this Court for an Order remanding this matter to the Circuit Court of Bates County, Missouri" and makes arguments to that end.[1]

---

[1] *Ex gratia*, were the Court to liberally construe Plaintiff's arguments as a motion to remand filed in the substantively identical case removed from state court, remand would still not be warranted. Plaintiff argues Defendant Leopoldo Sanchez was required to timely consent to removal and Defendant Lone Tree Pigs, Inc. has not established that he so consented. The Court finds this argument without merit for the same reasons discussed above, as Defendant Leopoldo Sanchez also was not served in the removed case prior to its removal. (*See Cole Anthony Dawn v. Lone Tree Pigs Inc. et al.*, Case No. 4:23-cv-00497 (W.D. Mo.) Doc. 1-1 at Doc. 2.) Plaintiff further requests that, even if the Court has original and supplemental jurisdiction, Plaintiff be granted leave to amend his petition and remove the Title VII claim. First, this request is not one properly brought in a party's suggestions in opposition to a motion to consolidate, but rather, as its own motion for leave to file an amended complaint in accordance with the Rules applying to

3

Case 4:23-cv-00407-RK   Document 31   Filed 10/02/23   Page 3 of 4

Federal Rule of Civil Procedure 42(a)(2) provides that a court may consolidate actions if they involve a common question of law or fact. "All claims and issues sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998) (citing Rule 42(a)). "Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Id.* (citing Rule 42(b)).

The Court finds these cases have common questions of law and fact. These cases are substantively identical; consolidation avoids unnecessary costs and delay and does not otherwise inconvenience or unfairly prejudice Plaintiff or any other party. Consolidation is therefore proper.

## Conclusion

Accordingly, and after careful consideration, Defendant Lone Tree Pigs, Inc.'s motion to dismiss (Doc. 8) is **FOUND AS MOOT**, Defendant Lone Tree Pigs Inc.'s motion to consolidate cases (Doc. 11) is **GRANTED**, Plaintiff's motion to remand (Doc. 16) is **DENIED**, and Plaintiff's first amended motion to remand is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 2, 2023

---

such motions. Further, to the extent Plaintiff intended the request as a motion for leave to file an amended complaint, his request fails to comply with well-established Eighth Circuit law holding "that to preserve the right to amend a complaint a party must submit a proposed amendment along with its motion." *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742 (8th Cir. 2014).