IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| COLE ANTHONY DAWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-00407-RK |
| ) | |
| LONE TREE PIGS, INC.; LEOPOLDO ) | |
| SANCHEZ, PRODUCTION MANAGER; ) | |
| ) | |
| Defendants. ) | |

## ORDER

This consolidated case involves identical discrimination and retaliation claims originally brought in both federal court and state court.[1] The state court claims were removed to federal court in Case No. 4:23-cv-00497. The removed claims in Case No. 4:23-cv-00497 were then consolidated with the same federal court claims in Case No. 4:23-cv-00407. Plaintiff Cole Dawn's complaint brings claims of employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Missouri Human Rights Act (MHRA) against Defendant Lone Tree Pigs, Inc., and Defendant Leopoldo Sanchez, Production Manager.

Before the Court are the following motions:

(1) Defendant Lone Tree Pigs Inc.'s motion to dismiss filed in Case No. 4:23-cv-00497-RK now consolidated with this case (Case No. 4:23-cv-00407 Doc. 5), which is fully briefed. (Case No. 4:23-cv-00497 Docs. 6, 13, 14);

(2) Defendant Lone Tree Pigs, Inc.'s motion to dismiss (Doc. 36), which is fully briefed (Docs. 37, 40, 44); and

(3) Defendant Leopoldo Sanchez's motion to dismiss (Doc. 34), which is fully briefed (Docs. 35, 41, 43).

For the reasons below, the Court **ORDERS** as follows:

(1) Defendant Lone Tree Pigs, Inc.'s two motions to dismiss are **GRANTED** as to Plaintiff's employment discrimination and retaliation claims against Defendant Lone Tree Pigs, Inc. brought pursuant to the MHRA; and **DENIED** as to Plaintiff's

---

[1] State claims were brought in the Circuit Court of Bates County, Missouri, Case No. 23BS-CC00019.

employment discrimination and retaliation claims against Lone Tree Pigs, Inc. brought pursuant to Title VII; and **GRANTED** as to all of Plaintiff's claims against Defendant Leopoldo Sanchez;

(2) Defendant Leopoldo Sanchez's motion to dismiss is **GRANTED** as to all of Plaintiff's claims against Defendant Leopoldo Sanchez.

## Background

### I. EEOC and MCHR Charge

Plaintiff filed a charge of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission (EEOC) and Missouri Commission of Human Rights (MCHR) on November 22, 2022, claiming he had been wrongfully terminated "[o]n January 26, 2022" from his employment with Lone Tree Pigs, Inc. The only named respondent in the EEOC and MCHR charge was Lone Tree Pigs, Inc. (Doc. 43-3 p.2.)

On March 16, 2023, the EEOC issued to Plaintiff a "notice of your right to sue . . . against the respondent(s)." (Doc. 3, p.15.) On June 13, 2023, the MCHR issued to Plaintiff a "notice of right to sue . . . the Respondent(s) named in your complaint." (Doc. 3, p.17.)

On June 14, 2023, Plaintiff filed discrimination and retaliation claims in this case. (Doc. 1.) On the same day, Plaintiff filed an identical suit in the Circuit Court of Bates County, Missouri. (Doc. 18, ¶ 3.) In both cases Plaintiff filed suit against not only the respondent (Lone Tree Pigs Inc.,) but also against the Production Manager at Lone Tree Pigs Inc. (initially the manager was listed as LeoPold Santiago, but later corrected in the amended complaints to Leopoldo Sanchez.)

### II. State Court and Federal Court

#### A. Bates County Case – Case No. 23BS-CC00019

In the Bates County, Missouri case, the state court docket sheet indicates on July 29, 2023, a summons and Petition were served on Defendant Lone Tree Pigs Inc., but not the named Defendant LeoPold Santigo. The following day, Plaintiff filed a motion for leave to file a first amended petition on June 30, 2023, but it does not appear the state court ruled on that motion. (*Id.* at 2.) The only difference between Plaintiff's complaint and his proposed first amended complaint is the replacement of Defendant LeoPold Santiago with Defendant Leopoldo Sanchez. (*Id.* at 3-7; 12-16.)

### B. Bates County Case Transferred – Case No. 4:23-cv-00497

On July 18, 2023, Defendant Lone Tree Pigs, Inc. (1) removed the identical suit from the Circuit Court of Bates County, Missouri, to federal court, in Case No. 4:23-cv-00497; and (2) filed a notice that a motion to consolidate cases was filed in Case No. 4:23-cv-00407. (Case No. 4:23-cv-00497 Docs. 1, 2.) The following day, Defendant filed a motion to dismiss on July 19, 2023. (Case No. 4:23-cv-00497 Doc. 5.)

### C. Federal Case - Case No. 4:23-cv-00407

In the case at bar, Plaintiff effected service of his complaint (Doc. 1) on Defendant Lone Tree Pigs, Inc. on June 29, 2023, but was unable to serve the named Defendant LeoPold Santigo. (Doc. 6.) The following day, June 30, 2023, Plaintiff filed his first amended complaint. (Doc. 3.) Similar to the amendment in the Bates County Case, the first amended complaint in the case at bar replaced the named Defendant LeoPold Santiago with Leopoldo Sanchez. (Doc. 3.)

On July 18, 2023, the day Defendant Lone Tree Pigs, Inc. removed the Bates County case to federal court, Defendant Lone Tree Pigs, Inc. also filed in this case (4:23-cv-00407) (1) a motion to dismiss Plaintiff's complaint (Doc. 8); and (2) a motion to consolidate the two cases (Doc. 11).

On October 2, 2023, the Court entered an Order finding Defendant Lone Tree Pigs, Inc.'s motion to dismiss (Doc. 8) moot due to Plaintiff's filing of an amended complaint (Doc. 3). In that Order the Court also granted Defendant Lone Tree Pigs, Inc.'s motion to consolidate the cases.

After the Order was issued, on October 10, 2023, Defendant Lone Tree Pigs, Inc., filed the pending motion to dismiss (Doc. 36), and Defendant Leopoldo Sanchez filed the pending motion to dismiss (Doc. 34).

## Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court "accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (citation and quotation marks omitted). The Court must "review the

plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Zoltek Corp. v. Structural Plymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) ("the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible")). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## Discussion

### I. Timely Exhaustion of State and Federal Administrative Remedies

Defendant first argues Plaintiff's claims are time-barred because Plaintiff's Charge of Discrimination was filed too late – 301 days after Plaintiff's lawful termination – and thus Plaintiff's discrimination claims are time-barred as a matter of law under both Title VII and the MHRA. Plaintiff asserts there is a material dispute as to what date Plaintiff was terminated, that it is unclear which date Plaintiff was terminated, that Defendant Lone Tree Pigs, Inc. has not provided any evidence showing an exact date, and that Plaintiff has pleaded specific facts that he was terminated on or around January 26, 2023.

#### A. Federal

Title VII of the Civil Rights Act requires a complaining employee to follow an administrative procedure before filing a lawsuit in federal court. *Brooks v. Mid. Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011). "In order to exhaust administrative remedies, a claimant must file a timely charge of discrimination with the EEOC." *Id*. Title VII provides that where a plaintiff "initially instituted proceedings with a State or local agency" such as the MHRC, the plaintiff's "charge shall be filed . . . within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier[.]" 42 U.S.C.A. § 2000e-5(e)(1).

It is not clear from the pleadings and the record what the date of Plaintiff's termination was. If Plaintiff was terminated January 25, 2022, his Title VII claims are time-barred, as his Charge of Discrimination was filed 301 days after his termination date; but if Plaintiff was terminated on January 26, 2022, or later, his Title VII claims are not time-barred, because his Charge of Discrimination was filed within the 300 days prescribed by statute. Even "around

4

January 25, 2022" allows for a reasonable inference that the termination date was within a few days after that particular date.

Given the Court's obligation in analyzing a motion to dismiss to "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party[,]" the Court finds that Plaintiff pleaded factual content that allows the Court to draw the reasonable inference that his Charge of Discrimination was filed within the 300 days prescribed by Title VII.

### B. State

Similar to Title VII, "Missouri law requires plaintiffs to exhaust their administrative remedies prior to bringing MHRA claims." *Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1080 (8th Cir. 2021) (citing Mo. Rev. Stat. § 213.075.1). "The reason for requiring the pursuit of administrative remedies first is to provide the [administrative body] with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." *Gates v. City of Lebanon*, 585 F. Supp. 2d 1096, 1099 (W.D. Mo. 2008) (citing *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005)). "To initiate a claim under the MHRA a party must timely file an administrative complaint with [the] MCHR and either adjudicate the claim through the MCHR or obtain a right-to-sue letter." *Stuart v. Gen'l Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Under the MHRA, a person must first file a charge with the MCHR within 180 days of the alleged discriminatory act. RSMo. § 213.075.1.

Here, Plaintiff's first amended complaint (Doc. 3) alleges Plaintiff was terminated "1/26/2022" (*Id.* at 6), "January 26th of 2022" (*Id.* at 9), "around January 26th, 2022" (*Id.* at 14). In the removed case, Plaintiff's complaint and first amended complaint allege Plaintiff was terminated "around January 25, 2022" or "within a week" of "a few days" after "January 12, 2022." (Case No. 4:23-cv-00497 Doc. 1-1 at 6, ¶¶ 26, 27, 29; at 15, ¶¶ 26, 27, 29.) Plaintiff's Charge of Discrimination, filed November 22, 2022, indicates Plaintiff was terminated on January 26, 2022. (Case No. 4:23-cv-00497 Doc. 6-2 at 2.) Defendant Lone Tree Pigs, Inc. attaches to its motions to dismiss a "Punch list" with Plaintiff's name on it that appears to be a record of dates and times of Plaintiff clocking in and out at Lone Tree Pigs, Inc. for work. (Doc. 37-1 at 2; Case No. 4:23-cv-00497 Doc. 6-1 at 2.) That "Punch list" shows a final entry of January 25, from 6:04 am to 7:09 am. (*Id.*)

On review of the record, it is clear that Plaintiff did not file his Charge of Discrimination within the 180 days required to initiate a claim under the MHRA. Thus, Plaintiff's MHRA claims are time-barred.

## II. Individual Liability of Managers or Supervisors for Alleged Discrimination Under Title VII and the MHRA

Defendants contend that even if Plaintiff's claims were not time-barred, those against Defendant Leopold Santiago, Leopoldo Sanchez, or any other individual are legally defective. Defendants assert that because the claims against Plaintiff's former supervisor are brought pursuant to Title VII or the MHRA, which do not permit individual liability of managers or supervisors for alleged discrimination, these claims should be dismissed for failure to state a claim.

"Title VII addresses the conduct of employers only and does not impose liability on co-workers." *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006). Likewise, "following the 2017 amendments to the MHRA, individuals can no longer be sued for unlawful employment practices pursuant to section 213.055." *Loomis v. Bowers*, 645 S.W.3d 633, 639 (Mo. Ct. App. 2022). This "is because section 213.055 makes it an unlawful employment practice for an 'employer' to engage in specified conduct, and the definition of 'employer' was amended in 2017 to delete 'any person directly acting in the interest of an employer' from the definition, and to expressly exclude 'an individual employed by an employer' from the definition. *Id.* (citing § 213.010(8)).

Because neither Title VII nor the MHRA impose liability on individuals and coworkers, Plaintiff's claims against Leopoldo Sanchez fail to state a claim upon which relief may be granted.

## III. Conclusion

After careful consideration, and for the reasons detailed above, the Court **ORDERS** as follows:

(1) Defendant Lone Tree Pigs, Inc.'s two motions to dismiss are **GRANTED** as to all of Plaintiff's claims against Defendant Leopoldo Sanchez and Plaintiff's claims against Defendant Lone Tree Pigs, Inc. brought pursuant to the MHRA; and **DENIED** as to

Plaintiff's employment discrimination and retaliation claims against Lone Tree Pigs, Inc. brought pursuant to Title VII; and

(2) Defendant Leopoldo Sanchez's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

                                                  s/ Roseann A. Ketchmark
                                                  ROSEANN A. KETCHMARK, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: November 6, 2023